# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-205-FDW

| | |
|---|---|
| STEVEN FAISON EL,[1] )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>TREASURY, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 7).

## I. BACKGROUND

On November 2, 2017, *pro se* Steven Faison El, filed a Complaint against "U.S. Department of the Treasury" that has been liberally construed as a civil rights suit pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2] Plaintiff is incarcerated at the Alexander Correctional Institution and identifies himself as a "Steven Faison EL©, … a [Foreign State] citizen and subject…," a "Moorish National Citizen." (Doc. No. 1 at 3). He cites, *inter alia*, the Fourteenth Amendment, Trading With the Enemy Act, Emergency Baking Relief Act, and Judicature Act of 1873. He states in part in the Statement of

---

[1] According to the North Carolina Department of Public Safety's website, Plaintiff's name is Steven D. Faison, offender number 0666964.

[2] In the Complaint, Plaintiff cites 42 U.S.C. § 1983. Bivens and § 1983 both impose liability on government actors for constitution violations, however, § 1983 applies to state actors and Bivens applies to federal actors. See Holly v. Scott, 434 F.3d 287, 301 (4th Cir. 2006).

1

Claim section of his Complaint:

> I, Steven Faison EL© HAVE PERFECTED THE "Deed of Trust" under the strawman title [STEVEN DEVAUGHN FAISON] by copyright, and have created a time stamped record of official records through registration, as "Beneficiary of Trust," "Grantee" for the purpose of beneficiary gain and securing indebtedness.

(Doc. No. 1 at 4).

For relief, he states:

> I, "Steven Faison EL©" as a private national citizen, "beneficiary" want this case filed, sealed in private, without the public, with a special file number, non-comigled and segregated. And as stated in "The Judicare Act of 1973 (ss. 3, 4), the court of chancery (known as the Kings bench when there is a male sovereign); I Steven Faison EL only in the private capacity of the judge's chambers with the Chancellor and/or Master of Chancery, insist as follows:
>
> (1) On the note that "I am" the [beneficiary] and "grantee," I want a full accounting of what have I acquired.
>
> (2) I want a full photocopy of all covenants, the easements, the assets and the liabilities.
>
> (3) On the mortgage, I want recoupment. Equitable cause is recoupment, I Steven Faison EL© want recoupment. To be reimbursed, compensated and regain my fortune.
>
> (4) I Steven Faison EL© want to properly be acknowledged as the sole beneficiary.
>
> (5) Extinguishment, benefit, use, enjoyment and other equitable relief I am entitled to.
> RE: No. 40014crs024108, 40014crs024107, 40013crs090750, 40013crs090746, 40013crs090747, 40013crs091289, 40013crs091288, 40013crs091291, and 40013crs91290

(Doc. No. 1 at 7).

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

3

## III. DISCUSSION

Plaintiff's Complaint frivolous. The factual allegations are nonsensical and baseless. The claims are legally frivolous because any attempt to seek money damages from the United States Government, or an agency thereof, would be barred by sovereign immunity. See Radin v. United States, 699 F.2d 681 (4th Cir. 1983) ("It is well settled that the United States, as a sovereign, is absolutely immune from suit except as Congress specifically provides, and any waivers of immunity are to be strictly construed) (citing United States v. Testan, 424 U.S. 392, 399 (1976)); United States v. Sherwood, 312 U.S. 584, 587-88 (1941) (unless Congress has consented to a cause of action against the United States, there is no jurisdiction in any court of the land to entertain such suits). This Court is unaware of, and Plaintiff has failed to identify, any statutory provision waiving that defense that would allow Plaintiff to bring suit against the U.S. Department of the Treasury under the facts of this case. Further, Plaintiff cites several North Carolina criminal cases. Any attempt to gain his release from incarceration is not cognizable in a civil rights action. See generally Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (a prisoner in state custody cannot use a civil rights action to challenge "the fact or duration of his confinement."); 28 U.S.C. § 2254.

There is no arguable construction of law or fact under which Plaintiff would be entitled to relief and, therefore, his Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(d)(i), (ii), and (iii).

## IV. CONCLUSION

Plaintiff is unable to proceed against the sole named Defendant; he has failed to state a factual or legal basis for his Complaint; and it is evident that this deficiency cannot be cured through amendment. Therefore, the Complaint is dismissed with prejudice and this case is closed.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(d)(i), (ii), and (iii).

2. The Clerk is instructed to close this case.

Signed: March 21, 2018

Frank D. Whitney
Chief United States District Judge